371 A.2d 894
**COMMONWEALTH of Pennsylvania**
**v.**
**Alan KINCADE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided March 31, 1977.

Harry E. Knafelc, Ambridge, for appellant.

Joseph M. Stanichak, District Attorney, Aliquippa, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

On October 21 and October 22, 1974, appellant was charged with two counts of forgery, one count of theft, and one count of theft by receiving stolen property. He was indicted on March 10, 1975, and trial was scheduled

for April 2, 1975. On the date scheduled for trial, the Commonwealth sought and obtained a continuance on the basis that a police officer essential to its case was unavailable, and trial was postponed until May 5, 1975, 195 days after the complaint was filed. Appellant's subsequent motion to dismiss for failure of the Commonwealth to comply with Pa.R.Crim.P. 1100 [1] was denied, and he was found guilty after a jury trial. Motions in arrest of judgment and for new trial were filed and denied, and this appeal was taken from the judgment of sentence.

Appellant contends that Rule 1100(c) mandates that the Commonwealth apply for an extension of time to commence trial, if the time for trial is to be extended, and that since no petition for extension was filed in this case, his trial was in violation of Rule 1100. We are compelled to agree.

█ There is no merit to the Commonwealth's allegation that it was clear to the defendant that the motion for a continuance was also a request for an extension under Rule 1100. Likewise, its characterization of appellant's contention as a "technical procedural position" is unpersuasive and unavailing.

█ It is clear that in order to grant an extension of the time within which trial must commence, "the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension." *Commonwealth v. Shelton*, 469 Pa. 8, 15, 364 A.2d 694, 697 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 498, 350 A.2d 872, 875 n. 9 (1976). If the Commonwealth cannot bring a defendant to trial within the allotted time period after exercising due diligence, it may petition for an ex-

---

1. Appellant's trial was governed by the 180 day rule set forth in Rule 1100(a)(2), which provides:

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

tension pursuant to Rule 1100(c); if no petition is filed, obviously no extension can be granted under the Rule.[2]

■ The Commonwealth states in its brief that it has complied with the spirit of Rule 1100 by filing a motion to continue the case to the next trial term. The thrust of this argument must also fail in light of the admonition that " . . . the letter of [the Rule] is not to be disregarded under the pretext of pursuing its spirit." Pa. R.Crim.P. 2.[3]

■ For the foregoing reasons, no petition having been filed by the Commonwealth for an extension pursuant to Rule 1100(c), the judgment of sentence is reversed and appellant is ordered discharged.

2. *See Commonwealth v. Kemp,* 245 Pa.Super. 294, 369 A.2d 410 (1976), where this court reversed the judgment of sentence and ordered the defendant discharged for failure of the Commonwealth to make application for an extension of the period for commencement of trial pursuant to Rule 1100(c).

3. *See* Act of November 25, 1970, P.L. 707, No. 230, added December 6, 1972, No. 290, § 3, 1 C.P.S.A. § 1921(b).