393 A.2d 678

**COMMONWEALTH of Pennsylvania**

v.

**Robert TYGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Oct. 20, 1978.

Stephen L. Dugas, Assistant Public Defender, Ebensburg, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is taken from the judgment of sentence imposed on appellant following his conviction for robbery. The

sole issue for our determination is whether the court below erred in denying appellant's motion in arrest of judgment based upon an alleged violation of Pa.R.Crim.P. 1100. For the following reasons we hold that it did, and reverse the judgment of sentence and order appellant discharged.

On February 3, 1976, a criminal complaint was filed charging appellant as an accomplice to armed robbery. A not guilty plea was entered, and trial was scheduled for June 15, 1976. At that time, however, the Commonwealth discovered that one of its witnesses was unavailable, and subsequently filed an application for continuance of the case until the August term of criminal court. Following a hearing, the continuance was granted.

On August 11, 1976, one hundred ninety days after filing of the complaint against him, appellant moved to dismiss the charges for violation of Rule 1100. The motion was denied after argument, and the case proceeded to trial. A verdict of guilty was returned by the jury, and appellant was sentenced to a term of four years probation and to pay a $200.00 fine and costs. This appeal followed.

Our analysis must start with the relevant section of Rule 1100. In pertinent part, 1100(c) provides that "[a]t any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial."

At the heart of the dispute before us is the distinction between a continuance and an 1100(c) extension. In *Commonwealth v. Kincade*, 246 Pa.Super. 389, 371 A.2d 894 (1977), we examined this distinction under similar circumstances, and held that where the Commonwealth only requests a continuance, and no petition for an extension is filed, no extension can be granted under Rule 1100. On the other hand, in *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787 (1977), we noted in passing that even though the Commonwealth's petition was captioned "Petition for Continuance under Rule 1100," the petition itself and notes of testimony made it clear that an extension was being sought by the Commonwealth.

In the case before us, the Commonwealth attempts to distinguish *Kincade* by arguing that it requested an extension during the hearing on its petition for a continuance. At that hearing, the Commonwealth's attorney stated:

[W]e feel that the Commonwealth has shown good cause for a continuance; not only to get the continuance, but to extend the 180-day rule. N.T. Motion for Continuance, p. 2.

We are not persuaded. Nothing in the Commonwealth's application for a continuance indicates that an extension under Rule 1100 was being sought. Moreover, the notes of testimony from the hearing on the motion indicate that the parties were arguing the presence or absence of good cause, the standard for a continuance, rather than due diligence, which must be shown in order to justify an extension under the Rule. Most important, however, is the fact that the judge who heard the motion treated it as a request for a continuance. Once again, rather than focusing upon due diligence by the Commonwealth, the court examined the possibility of prejudice and inconvenience to the defendant. The following exchange occurred:

THE COURT: Other than the fact that your client is here today, what difficulty would you have if this were continued till August, one month from now?

MR. DUGAS: The difficulty, your Honor, lies in the fact that he is living with his mother, the defendant is, and his brother, and the home situation has been in an absolute uproar over this. He has unfortunately been subjected to the, apparently, whims of the Commonwealth here, whether to try him or not, whether they are going to get their witnesses up here, and I feel that that in itself—

THE COURT: I'm just asking you, it what way is the defense going to be jeopardized by continuing this for a month? That is what I'm interested in. I'm not so much interested in whether or not there is some family difficulty because he has been accused of this. I'm interested here in not only protecting his rights but the rights of society in general. Because many times we continue cases

for defendants because the witnesses for some reason at the last minute can't be produced.

MR. DUGAS: I realize that, your Honor.

THE COURT: So it works both ways, doesn't it?

MR. DUGAS: You are absolutely correct, your Honor.

THE COURT: The motion for a continuance is granted.

N.T. Motion for Continuance, pp. 5–6.

Since the area of inquiry explored by the court below is irrelevant to a Rule 1100 determination, we are convinced that the court granted a continuance, and not an extension of time within which to commence trial under Rule 1100. That being the case, appellant's motion to dismiss should have been granted on August 11, 1976.

Accordingly, the judgment of sentence is reversed and appellant is ordered discharged.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.