397 A.2d 1227

**COMMONWEALTH of Pennsylvania**

v.

**Richard Alan McANULTY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 18, 1978.

Decided Feb. 15, 1979.

Michael A. Litman, Pittsburgh, for appellant.

W. Thomas Malcolm, Asst. Dist. Atty., Indiana, for Commonwealth, appellee.

Before JACOBS, President Judge and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

■ Appellant contends that the court below erred in denying a defense request for a continuance when the prosecution called a witness who was not named in the Commonwealth's answer to the appellant's Bill of Particulars filed under former Rule of Criminal Procedure 221. The short answer to this is that under the Rules then in effect,[1] the defense had no right to discover the names of the witnesses the Commonwealth intended to call. Former R.Crim.P. 310; *Commonwealth v. Bederka,* 459 Pa. 653, 659, 331 A.2d 181, 183 (1975); *Commonwealth v. Jones,* 245 Pa.Super. 487, 493, 369 A.2d 733, 736 (1977). Therefore, appellant was not prejudiced. Although the Commonwealth in its answer unnecessarily volunteered the names of other witnesses it intended to call, *Commonwealth v. Bartman,* 240 Pa.Super. 495, 367 A.2d 1121 (1976), is not applicable as there the Commonwealth volunteered an affirmatively misrepresentative answer, which is not the case here.

■ Appellant also contends that the court erred in refusing to declare a mistrial when, after the jury was empanelled and sworn, it was discovered that the parents of the victim were present in the courtroom during the jury selection process. However, appellant made no showing that any of the jurors chosen had actually spoken to the parents. Before taking any evidence, the court polled the jurors on this question and determined that none of them had spoken to anybody about the case. Therefore, this contention is without merit.

Judgment of sentence affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

1. Since the witness called was not an eyewitness, his name also would not be discoverable under the new Rules regarding criminal discovery. Pa.R.Crim.P. 305B(2)(a); M. Lamb, "Pretrial Discovery and Inspection—New Criminal Rules for Pennsylvania," 23 Vill.L. Rev. 308, 319 (1978).