## Commonwealth v. Shinn

*Jean Marie Cella, Assistant District Attorney,* for Commonwealth.

*Samuel A. DiLullo,* for defendant.

BLOOM, *S.J.,* July 18, 1980—On October 20, 1978, at approximately 9:06 p.m., at 11th and Lincoln Avenues in the Borough of Prospect Park, Delaware County, Pa., defendant, Karen Shinn, was the owner and operator of a motor vehicle which struck two pedestrians causing serious bodily injury to one William Titchnell and death to John Fox.

On October 23, 1978 a warrant for defendant's arrest was issued and she was charged with involuntary manslaughter, homicide by vehicle, overtaking vehicle on the right, driving vehicle at unsafe speed, and reckless driving.

On December 6, 1978 a preliminary hearing on

the above charges was held before District Justice Robert M. Schaeffer of Ridley Park, Pa., and defendant was held for court on all charges.

A trial by jury was held and on March 29, 1979 the jury returned a verdict of guilty on all charges. Timely post-trial motions were filed and are now before the court for disposition.

At trial, the Commonwealth produced investigating police officers and numerous eyewitnesses who testified that defendant's automobile was traveling south on Route 420, which is Lincoln Avenue in the Borough of Prospect Park, and upon approaching the traffic signal at 11th Avenue entered the parking lane and passed the vehicles waiting for the traffic light, then reentered the line of travel again, whereupon defendant's vehicle struck the two pedestrians.

Defendant testified and presented witnesses to indicate that she suffers from epilepsy and that the occurrences on October 20, 1978 were a result of an epileptic seizure suffered by defendant and not due to her knowing and voluntary acts.

Defendant assigns 24 grounds of error alleged to have been committed by the trial court in support of her motions for a new trial and/or in arrest of judgment, most of which are the usual boiler plate reasons.

Defendant contends that the trial judge erred in denying defendant's motion for a new jury panel in that the jury panel had been prejudicially affected by being permitted to listen to argument for a new trial presented by other attorneys in the previous case, which was not in any way connected with the case before the court.

The court finds no merit to this contention. There is no record presented by defendant as to the nature

of the arguments presented in the previous case; indeed, defense counsel asserts that he was not even present during the arguments nor does defendant state any facts which could have possibly prejudiced defendant.

Defendant contends that the trial court erred in refusing to ask two voir dire questions requested by defendant. Defendant argues that she should have been permitted to ask the following questions: (1) "Have you ever known anyone who was killed in an automobile accident?" and (2) "Have you ever witnessed an automobile accident?"

It is fundamental that the objective of the examination of jurors under voir dire is to secure a competent, fair, impartial, and unprejudiced jury: Com. v. Foster, 222 Pa. Superior Ct. 720, 294 A. 2d 749 (1972). As the court elaborated in Com. v. Johnson, 452 Pa. 130, 134, 305 A. 2d 5, 7 (1973):

"It is well-settled that '[t]he examination of jurors under voir dire is solely for the purpose of securing a competent, fair, impartial, and unprejudiced jury. . . . Neither counsel for the defendant nor for the Commonwealth should be permitted to . . . ask direct or hypothetical questions designed to disclose what a juror's present impression or opinion may be under certain facts which may be or what his attitude or decision will likely be under certain facts which may be developed in the trial of the case. While considerable latitude should be permitted on a voir dire, *the inquiry should be strictly confined to disclosing qualifications of a juror and whether a juror has formed a fixed opinion or may be otherwise subject to disqualifications for cause.*'" (Emphasis in original.)

In consideration of the above objectives and

standards to be used in determining questions to be used in the examination of jurors under voir dire, it is clear that the trial court did not abuse its discretion in not permitting defendant's voir dire questions. In the voir dire presented by the court, among the questions submitted was one asking, if sworn as a juror, would you be guided by the law and evidence in the case and not in any way affected by outside considerations? All jurors answered in the affirmative.

Defendant asserts as error the trial judge's permitting the Commonwealth's witness, Michael Romanello, to testify as to his opinion of speed without a proper foundation for such opinion being established. The witness was in his automobile waiting in the line of traffic as he noticed defendant in his rear view mirror. Romanello testified that defendant's vehicle passed the traffic on the right at a speed of at least 40, but more likely, 50 miles per hour.

Defendant contends that the witness should not have been permitted to testify as to the speed at which defendant's vehicle was traveling because the witness did not have an adequate opportunity to observe defendant's vehicle long enough to draw such a conclusion.

The law is clear that laypeople are competent to express an opinion as to the speed a vehicle is traveling: Com. v. Reynolds, 256 Pa. Superior Ct. 259, 389 A. 2d 1113 (1978); Com. v. Forrey, 172 Pa. Superior Ct. 65, 92 A. 2d 233 (1952). In order to establish a foundation for the admission of such evidence, it must be shown that the witness had an opportunity to observe a vehicle's movement and has a recognition of impressions of like vehicles at relative speeds: Com. v. Reynolds, supra. The wit-

ness' opinion is thereafter admissible and the weight to be accorded such testimony is for the jury: Reynolds, id.; Shaffer v. Torrens, 359 Pa. 187, 58 A. 2d 439 (1948).

In the instant case, the court is of the opinion that the witness, Michael Romanello, was qualified to testify as to the speed of defendant's vehicle. The witness has been a licensed driver for 15 years, he has had experience with rally races, and had an excellent opportunity to see defendant's vehicle approach from behind, pass, and continue to drive along the parking lane until ultimately striking the two victims.

Defendant also asserts as error the trial judge's allowing Officer Paul McCandless to remain in the court room before testifying, in violation of the court's sequestration order. Prior to the presentation of testimony, defense counsel requested and the trial judge granted a sequestration order, directing that prosecution witnesses not be permitted to remain in the court room until after they had testified. Notwithstanding the sequestion order, prosecution witness Officer Paul McCandless, who conducted the investigation, remained in the court room and later testified, having been present during testimony of other witnesses. The court finds no merit to defendant's contention for the following reasons.

First, the law in Pennsylvania is clear that the sequestration of witnesses is within the discretion of the trial judge: Com. v. Kravitz, 400 Pa. 198, 161 A. 2d 861 (1960), cert. den., 365 U.S. 846, 81 S. Ct. 807 (1960). The trial court's decision as to sequestration will not be reversed unless it is shown that there has been a clear abuse of discretion: Id.

Second, since the issue as to sequestration is ini-

tially one within the discretion of the trial court, the scope of any order granting sequestration is also within the court's discretion: Com. v. Martin, 479 Pa. 609, 388 A. 2d 1361 (1978); Com. v. Smith, 464 Pa. 314, 346 A. 2d 757 (1975).

Additionally, the Court of Appeals for the Third Circuit in United States v. Strauss, 473 F. 2d 1262 (3d Cir. 1973), held that the prosecution is permitted to have a representative of the agency that is prosecuting to be present even though that person also testified as a witness. Officer McCandless was a representative of the police department which initiated and assisted the prosecution of the case and, therefore, was properly allowed to remain in the court room as an exception to the sequestration order. Defendant has not shown an abuse of discretion nor a prejudicial effect in allowing Officer McCandless to be present in the court room and, thus, defendant's contention is without merit.

Defendant next contends that the trial court erred in allowing as witnesses for the prosecution two persons, Mrs. Titchnell and Mr. Wietly, whose names were not listed on the witness list. This contention is without merit. Defendant concedes that the names of witnesses is discretionary in accordance with Pa.R.Crim.P. 305. Under Pennsylvania law, there is no basis for a request for witnesses' names, absent exceptional circumstances or compelling reasons: Com. v. Senk, 412 Pa. 184, 194 A. 2d 221 (1963); Com. v. Bederka, 459 Pa. 653, 331 A. 2d 181 (1975).

Defendant also contends that the trial court erred in allowing to be admitted into evidence Commonwealth Exhibit C-8, a picture of the location, which included a boot of one of the victims. Defendant asserts that C-8 was introduced solely to get the

sympathy of the jury. The contention is frivolous. Defendant has not shown any prejudice resulting from the introduction of C-8. The picture was introduced to indicate the locale of the accident. The fact that the victim's boot appears in the picture was incidental and in no way for the purpose of creating sympathy among the jurors.

Defendant contends that it was error for the trial court to permit the Commonwealth to question defendant concerning the fact that she made no mention of the epileptic seizure when examined at the hospital. This was done for the purpose of endeavoring to impeach the credibility of her testimony that she was suffering from epilepsy at the time of the occurrence. The court does not believe it was error to do so. Defendant's position is that defendant was not obligated at any time to give an explanation concerning the incident. Apparently, defendant is attempting to bring the instant case under the rule prohibiting the prosecution from using defendant's silence while under police custodial interrogation in the face of accusation, at the time of arrest, or while in custody: Com. v. Haideman, 449 Pa. 367, 296 A. 2d 765 (1972); Com. v. Greco, 465 Pa. 400, 350 A. 2d 826 (1976); Com. v. Turner, 478 Pa. 613, 387 A. 2d 657 (1978). Defendant's silence as to the epileptic seizure while under examination at the hospital does not come within the category detailed in the aforementioned cases, that of police custodial interrogation, and as such was properly referred to at trial. Defendant's assertion of her Fifth Amendment rights being violated is without merit.

Defendant contends that the trial court erred in not allowing defendant to present testimony of Mrs. Kiley and Mrs. Shinn, who wished to testify on be-

half of defendant that at the time of this occurrence, defendant was encountering an epileptic seizure. The court is of the opinion that according to the testimony given by defendant herself, these witnesses were not qualified to give a medical opinion that defendant was affected by an epileptic fit, rather than the Commonwealth's position that defendant was driving recklessly. It is within the trial court's discretion to qualify an expert witness: Com. v. Cavalier, 284 Pa. 311, 131 Atl. 229 (1925); Com. v. Smallwood, 465 Pa. 392, 350 A. 2d 822 (1976). Certainly, it was not an abuse of discretion to refuse to permit the above-named laypersons to testify as experts as to defendant's medical condition.

Defendant asserts that the trial court erred in refusing to accept defendant's points for charge and in accepting and presenting to the jury the Commonwealth's points for charge.

Defendant requested that the jury be instructed that a person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or omission to perform an act of which he is physically capable, and that a person is not guilty of an offense unless he or she acted intentionally. Defendant cites no authority to support this point for charge. Defendant, through the defense of epileptic seizure, seeks to establish her involuntariness in unintentionally committing the acts resulting in the commission of the offenses charged. There is no merit to defendant's contention.

It is fundamental that the trial court is not required to give the jury a particular instruction as phrased by defendant: Com. v. Gardner, 246 Pa. Superior Ct. 582, 371 A. 2d 986 (1977); Com. v. McComb, 462 Pa. 504, 341 A. 2d 496 (1975); Com. v. Reston, 224 Pa. Superior Ct. 80, 302 A. 2d 428

(1973). Where the charge given properly covers a requested point, it is not error for the trial judge to refuse to give additional instructions: Com. v. Gardner, supra; Com. v. Newsome, 462 Pa. 106, 337 A. 2d 904 (1975). In the instant case, the trial judge did include in his jury charge that a person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or the omission to peform an act of which he is physically capable. The record indicates that the court gave an ample instruction of the legal proposition requested by defendant. In fact, the trial judge's charge was quite beneficial to defendant in light of section 3732 of the Vehicle Code, 75 Pa.C.S.A. §3732, which provides:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

Section 3732 of the Pennsylvania Vehicle Code has been affirmed as being constitutionally adequate and not unconstitutionally vague in the recent Pennsylvania Supreme Court case of Com. v. Burt, 490 Pa. 173, 415 A. 2d 89 (1980), in which Roberts, J., wrote the opinion of the court. It is clear from a review of the record that the charge given by the trial judge was fair and impartial.

Defendant contends that the trial court erred in allowing the Commonwealth to question her on cross-examination concerning her answers to questions on her application for a driver's license as to the condition of her health. In response, the Com-

monwealth contends her answer was false, which fact she admitted in her testimony. This complaint is without merit. Since defendant testified that the accident in which she was involved was the result of an epileptic seizure, it was proper for the Commonwealth to cross-examine her as to the false statement she made in her application for a driver's license.

Defendant contends that the trial court erred in its charge to the jury in stating that defendant's responsibility for filing a false application for a driver's license was not excused by the fact that her doctor also signed the same testifying as to her health. This statement of the law is clear and there is no merit to this assignment of error.

Under the provisions of the Vehicle Code, 75 Pa. C.S.A. § 1503(a)(4), the department shall not issue any driver's license to any person "[w]ho has been adjudged to be afflicted with or suffering from any mental disability or disease and who has not at the time of application been restored to competency by the methods provided by law." Regulations governing mental, physical, and other requirements for motor vehicle operators prohibit issuance of an operator's license to any person suffering from epilepsy unless medical proof is submitted that he has been seizure-free for two years: Com. v. Dapper, 17 Chester 8 (1968).

Defendant, by her own testimony, admitted that she had had a seizure within the two year period prior to the application for her license, yet she answered that question "no" on the application. This deliberate misstatement on the application impeaches defendant's credibility and the trial judge properly instructed the jury to consider the applica-

tion for driver's license in determining defendant's credibility.

In the Vehicle Code, 75 Pa.C.S.A. §3714, any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of reckless driving. Defendant in this case was guilty of reckless driving in that she was aware that a seizure could strike her at any time, rendering her unable to control her vehicle, but elected to drive in total disregard of the risks involved to other persons. Since defendant was guilty of reckless driving, she is guilty of homicide by vehicle, as outlined in 75 Pa.C.S.A. §3732, supra, with reckless driving being the violation of the law required by that section.

We feel that the charge of the court was fair and impartial. The court informed the jurors of the law regarding the restrictions of issuing a driver's license to persons suffering from epilepsy or any other similar disease. He set forth the elements of the crimes defendant was charged with and instructed the jury that when determining the credibility of defendant to consider her testimony that she knowingly answered questions about her health falsely. The charges were accurate and could not prejudice defendant any more than her own testimony did.

Defendant complained that the Commonwealth, during its closing argument, appealed to the sympathy of the jury as it related to the victim. There is nothing of record to show that an objection was made to this statement. Therefore, the issue is waived: Com. v. King, 227 Pa. Superior Ct. 168, 323 A. 2d 260 (1974); Com. v. Mennyweather, 458 Pa. 12, 329 A. 2d 493 (1974).

All other issues stated in defendant's motion but

338

not briefed are waived, since the trial court is not afforded the benefit of counsel's argument and analysis: Com. v. Williams, 476 Pa. 557, 383 A. 2d 503 (1978); Com. v. Holzer, 480 Pa. 93, 389 A. 2d 101 (1978).

Therefore, we enter the following

ORDER

And now, July 18, 1980, after consideration of briefs submitted by respective counsel and argument before the court, it is hereby ordered and decreed that:

1. Defendant's motion for a new trial is dismissed;

2. Defendant's motion in arrest of judgment is dismissed;

3. Defendant is directed to appear before this court for sentencing on Tuesday, August 12, 1980 at 10:00 a.m., in the Courthouse, Media, Delaware County, Pa.