## Commonwealth v. Thomas

*Donald Williams, District Attorney,* for Commonwealth.

*Charles Mansell* and *Kenneth Fox,* for defendant.

McCRACKEN, *P.J.*, August 14, 1980—Presently before the court is the Commonwealth's application for order to extend time for comencement of trial which seeks an extension under Pa.R.Crim.P. 1100(c). At hearing, the following factual situation was established:

The complaint charging defendant with burglary and criminal homicide was filed on January 30, 1980. The "normal" 180 day period for commencment of trial would thus expire on July 28, 1980. A preliminary hearing was scheduled for February 8, 1980. The Commonwealth expected defendant's alleged accomplice, Dennis Alexander, who had previously furnished a written statement implicating defendant, to be its main witness at the hearing. However, shortly before the hearing Dennis Alexander was hospitalized and was therefore unavailable. For this reason the preliminary hearing was continued. On February 12, 1980 Alexander was diagnosed as mentally ill, and on February 15, 1980 he was committed for 90 days to Farview State Hospital pursuant to the Mental Health Act. On March 21, 1980 Farview found Alexander incompetent to stand trial but on April 24, 1980, after another examination, Farview found him competent to stand trial and advised his return to Lawrence County. Alexander was returned to Lawrence County May 15, 1980, and a preliminary hearing was scheduled and held on June 6, 1980. Although Alexander did not testify on the advice of his counsel, both he and Thomas were bound over by the magistrate. It was also established that the grand jury for the month of June commenced on June 2, 1980, ruling out any possibility of the district attorney's then presenting this case. The next grand jury was scheduled to commence August 4, 1980, be-

yond the 180 day limit. Recognizing this, the Commonwealth timely filed the within application on July 16, 1980. Because of the unavailability of defense counsel, the hearing on the application was continued to August 5, 1980.

It is well established that we may grant an extension under Rule 1100(c) only if (1) the prosecution proves by a preponderance of the evidence that it exercised "due diligence" but, nevertheless, is unable to commence the trial within the period; and (2) the extension granted schedules the trial at the earliest date consistent with the business of the court: Com. v. Ehredt, 485 Pa. 191, 401 A. 2d 358 (1979). In the present case, the person whom the Commonwealth believed to be its primary witness was unquestionably unavailable for testimony for a period of at least 73 days, preventing the holding of the preliminary hearing until after April 24, 1980. Although it is conceivable that defendant could have been returned from Farview before the expiration of his 90 day commitment on May 15, 1980, and that the preliminary hearing could have been held before June 6, 1980, we do not believe that the time span involved here is such as to negate the Commonwealth's contention of due diligence, especially in view of the May court calendar which included grand jury and two weeks of criminal trials, with which the office of the district attorney had to contend.

Based on similar circumstances, the court in Com. v. Noyer, 402 Pa. Superior Ct. 544, 402 A. 2d 679 (1979), upheld an extension granted to the Commonwealth. In Noyer the delay caused the continuance of the preliminary hearing because the victim was hospitalized and unable to attend. The court held that that fact, combined with the prob-

lem of scheduling grand jury terms, was a sufficient basis for the granting of an extension.

We do not agree that simply because Alexander did not testify at the June 6, 1980 preliminary hearing, the extension should not be granted. In Com. v. Leatherbury, _____ Pa. Superior Ct. _____, 409 A. 2d 431 (1979), the court considered a similar issue in the context of deciding whether the first or second complaint filed should be considered the beginning of the 180 day period. In that case, the first complaint was dismissed because of the absence of the complaining witness. One hundred eighty-nine days later the Commonwealth filed a second complaint and successfully proceeded through both a preliminary hearing and trial without calling the "missing" witness. Although the court did note the apparent unnecessary nature of the witness' testimony, its analysis was also dependent upon the fact that the Commonwealth made no effort to explain its failure to later bring forth the witness and the Commonwealth could not explain the 189 day delay prior to filing the second complaint. Because of the lack of such explanation, the court interpreted the Commonwealth's actions as an obvious attempt to circumvent Rule 1100.

We think Leatherbury is distinguishable from the present case in that the Commonwealth explained its failure to bring forth the witness, as well as explaining the delay. Absent in this case is the obvious attempt to circumvent Rule 1100 as the Commonwealth did in Leatherbury.

Since the Commonwealth exercised due diligence and was, nevertheless, unable to commence trial within the 180 day period, we find that the request for the extension is proper. Inasmuch as defendant has been indicted and was arraigned on

August 12, 1980, the earliest the trial can commence is during the September trial term.

### ORDER

Now, August 14, 1980, for the reasons set forth in the foregoing memorandum opinion the application of the Commonwealth is hereby granted and the time for commencement of trial of defendant is extended to September 19, 1980.