## Commonwealth v. Robinson

*Ellen L. Cohen, assistant district attorney,* for the Commonwealth.

*R. Thomas Forr,* for defendant.

SMITH, *J.,* March 5, 1986—Defendant has filed a habeas corpus petition and/or motion to quash, alleging that the complaint in the above-captioned prosecution was not filed within the requisite five days pursuant to Pa.R.Crim.P. 130. In lieu of any evidentiary showings on Monday, March 3, 1986, defendant and the Commonwealth, through counsel, stipulated to certain operative facts. Those stip-

ulations, which the court now finds as facts, are as follows:

"1. Defendant was arrested September 7, 1985, at 11:34 p.m. for driving under the influence.

2. Defendant was released from the custody of the police on September 8, 1985, between 1:30 a.m., and 2:00 a.m.

3. The policeman signed the criminal complaint on September 10, 1985.

4. The district justice issued the summons, having found probable cause, on September 13, 1985, after 8:30 a.m.

5. There is no proof pertaining to what day the complaint was filed at the district justices office other than the justice's signature having been dated September 13, 1985, which is proof of the latest date of filing.

6. These stipulations are the entire factual basis of this case and no further testimony is required."

Defendant has referred us to the recent case of Commonwealth v. Revtai, 343 Pa. Super. 149, 494 A.2d 399 (1985), arguing that this case is controlling of the issue here presented.[1] There, the Superior Court affirmed the trial court's dismissal of charges where appellee was arrested on May 25, 1983, and a complaint was filed on May 31, 1983, six days later. Judge Olszewski, in writing for the three judge panel, declared:

"Dismissal of charges is the appropriate remedy for a violation of the five-day deadline. There is no reason imaginable, nor did the Commonwealth offer any excuse, why the arresting officer cannot file a criminal complaint within five days. *Delay in the criminal process is inherently prejudicial.*" 494 A.2d at 401. (Emphasis added.)

---

1. See paragraph five of petition.

Despite the dubious assertions in Revtai,[2] we are required to follow it as the current condition of the law of Pennsylvania. We must therefore determine whether a violation of Rule 130 has occurred by the filing of a complaint more than five days after defendant's release. If we so find, we are bound to dismiss.

Rule 130, Procedure in Court Cases initiated by Arrest Without Warrant, states in pertinent part:

"(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

. . .

"(d) When a defendant is released pursuant to paragraph (b) . . . a complaint shall be filed against the defendant within five days of defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued, and the case shall proceed as provided in Rule 110." Rule 130(b) and (d), Pa.R.Crim.P., 42 Pa.C.S., amended January 28, 1983, effective July 1, 1983.

The foregoing stipulations support a finding that the complaint was filed within five *calendar* days of his release from custody, that is, from September 8, 1985, to September 13, 1985. The stipulations and this court's findings do not support a conclusion

---

2. Cf. Com. v. Suggs, 289 Pa. Super. 432 A.2d 1042, 44 (1981); Com. v. Noyer, 265 Pa. Super. 544, 402 A.2d 679, (1979); Com. v. DeCosey, 246 Pa. Super. 412, 371 A.2d 905, (1977), and similar cases where preliminary hearings have been held beyond the three to 10 days prescribed by Pa.R.Crim.P. 140.

that the complaint was filed within the equivalent of five 24-hour periods following release.

We hold that the complaint must be filed within five calendar days consistent with the rules of construction discussed infra, and that no violation of Rule 130 has occurred here.

Rule 2 states: "[These rules] shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and *as nearly as may be in consonance with the rules of statutory construction.*" Pa.R.Crim.P. 2, 42 Pa.C.S., adopted June 30, 1984, effective January 1, 1965. (Emphasis added.)

Notwithstanding that the effective date of Rule 2 antedates the "Statutory Construction Act of 1972," 1 Pa.C.S. §1501 et seq., we look to the latter for guidance.[3] Section 1908 of the act states in pertinent part:

"When any period of time is referred to in any statute, such period in all cases. . . shall be so computed as to exclude the first and include the last day of such period." 1 Pa.C.S. §1908.

In applying section 1908 to Pa.R.Crim.P. 130, it is clear that the criminal complaint was filed within the requisite five-day period. Having so concluded, we deem appropriate the following

## ORDER

And now, this March 5, 1986, defendant's habeas corpus petition and/or motion to quash is hereby denied and dismissed.

---

3. See Commonwealth v. McCulley, 270 Pa. Super. 115, 410 A.2d 1276, (1979), in which the Superior Court applied 1 Pa.C.S. §1908 for purposes of calculating the 180-day period prescribed by Pa.R.Crim.P. 1100.