John MINICH, Stanley L. Switzer
and Randy Keihl

v.

The COUNTY OF JEFFERSON; The Honorable Ira W. Sunderland, David Black and Donna Hoffman, Commissioners of Jefferson County; and Thomas A. Demko, Sheriff of Jefferson County

Appeal of: Thomas A. Demko, Sheriff of Jefferson County

John Minich, Stanley L. Switzer
and Randy Keihl

v.

The County of Jefferson; The Honorable Ira W. Sunderland, David Black and Donna Hoffman, Commissioners of Jefferson County; and Thomas A. Demko, Sheriff of Jefferson County

Appeal of: The County of Jefferson, The Honorable Ira W. Sunderland, David Black, and Donna Hoffman, Commissioners of Jefferson County.

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 2005.

Decided March 11, 2005.

Thomas W. King, III, Butler, for appellant, Thomas A. Demko.

James D. Dennison, Brookville, for appellants, The County of Jefferson, The

Hon. Ira W. Sunderland, David Black and Donna Hoffman, Commissioners of Jefferson County.

William R. Strong, Clarion, for appellees.

BEFORE: COLINS, President Judge, and PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

The County of Jefferson (County), The Honorable Ira W. Sunderland, David Black and Donna Hoffman, Commissioners of Jefferson County, and Thomas A. Demko, Sheriff of Jefferson County, (collectively, County Officials) appeal from the July 9, 2004, order of the Court of Common Pleas of Jefferson County (trial court), which denied the County's post-trial motions and entered a final decree in favor of John Minich, Stanley L. Switzer and Randy Keihl (collectively, Plaintiffs). We reverse and remand.

The parties stipulated to the following facts. On June 11, 2002, the County enacted an ordinance providing that the Sheriff subject every person entering the Jefferson County Court House to a point of entry search using metal detectors. (Stipulation Nos. 8, 11.) As a result, the County posted a sign at the entrance to the Jefferson County Court House warning the public against carrying firearms into the building.[1] (Stipulation No. 17.)

The Jefferson County Court House has a front and rear public entrance, both leading to the first floor. (Stipulation No. 19.) The first floor hallway passes by the District Court, the Assessor's Office, the Tax Claim Office, the Prothonotary's Office/Clerk of Courts and the Office of the Register and Recorder/Clerk of Orphan's Court. (Stipulation Nos. 18(b), 19.)

On June 16, 2002, Plaintiffs attempted to enter the Jefferson County Court House while possessing concealed handguns pursuant to valid permits. (Stipulation No. 13.) Their destination in the Jefferson County Court House was the Assessor's Office on the first floor. (Stipulation No. 13.) However, they refused to submit to a point of entry search, and the Sheriff denied them entry. (Stipulation No. 14.)

■ Plaintiffs filed a twelve-count complaint with the trial court, seeking declaratory and injunctive relief against County Officials. In counts I, II, VI and VII of the complaint, Plaintiffs argued that the Commonwealth has preempted the regulation of firearm possession in a court facility by the enactment of section 6120 of the Crimes Code, 18 Pa.C.S. § 6120. The trial court agreed with Plaintiffs on this issue, and, on May 19, 2004, entered a *decree nisi* declaring the County's ordinance null and void. County Officials filed post-trial motions, which the trial court denied on July 9, 2004. County Officials now appeal to this court.[2]

---

1. Section 7 of the ordinance provides, in pertinent part, as follows:

    A. No User [i.e., no person entering a County building] shall possess a Weapon in any County building or cause a Weapon to be present in any County building.

    B. Any User in the possession of a Weapon that is in violation of this Section shall surrender such Weapon to the Jefferson County Sheriff's deputy or other security personnel charged with the duty of enforc-

    ing this Ordinance. Said Weapon shall be secured by said security person and returned to the User from whom it was obtained when the User departs the building. Any Weapon not retrieved within fifteen (15) days shall be subject to destruction or other disposition determined by the County.

    (O.R., Complaint, ex. A.)

2. This court's scope of review of a trial court's final decree entered in equity is whether the trial court committed an error of law or

County Officials argue that the trial court erred in concluding that the Commonwealth has preempted its ordinance by the enactment of section 6120 of the Crimes Code. We agree.

■ Section 6120(a) of the Crimes Code provides that "[n]o county ... may in any manner regulate the *lawful* ... possession ... of firearms ... when carried ... for purposes *not prohibited by the laws of this Commonwealth.*" 18 Pa.C.S. § 6120(a) (emphasis added). In other words, the County may not enact an ordinance which regulates firearm possession *if* the ordinance would make the otherwise lawful possession of a firearm unlawful.[3] Thus, if the County's ordinance pertains only to the *unlawful* possession of firearms, i.e., possession "prohibited by the laws of this Commonwealth," then section 6120(a) of the Crimes Code does not preempt the County's ordinance.

Section 913(a)(1) of the Crimes Code states it is unlawful for a person to "knowingly possesses a firearm ... *in a court facility* ...." 18 Pa.C.S. § 913(a)(1) (emphasis added). A "court facility" is defined as:

> The courtroom of a court of record; a courtroom of a community court; *the courtroom of a district justice;* a courtroom of the Philadelphia Municipal Court; a courtroom of the Pittsburgh Magistrates Court; a courtroom of the Traffic Court of Philadelphia; judge's chambers; witness rooms; jury deliberation rooms; attorney conference rooms;

prisoner holding cells; *offices of court clerks,* the district attorney, the sheriff and probation and parole officers; *and any adjoining corridors.*

Section 913(f) of the Crimes Code, 18 Pa. C.S. § 913(f) (emphasis added).

■ Thus, under state law, it is unlawful for a person to possess a firearm on the first floor of the Jefferson County Court House when that person is in the District Court, the Prothonotary's Office/Clerk of Courts or the Office of the Register and Recorder/Clerk of Orphan's Court. It also is unlawful for a person to possess a firearm in *any adjoining corridors* on the first floor of the Jefferson County Court House.

In construing the words "adjoining corridors," we are required to consider the common and approved usage of the words. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). "Corridors" are passageways. Webster's Third New International Dictionary 512 (1993). Thus, the first floor hallway of the Jefferson County Court House is a "corridor" because it provides passage from the public entrances of the building to the rooms or offices on the first floor, as well as passage between the rooms or offices on the first floor.

An "adjoining" corridor is a passageway that is adjacent to a court facility, i.e., a passageway that has "common bounding lines" with a court facility. Webster's Third New International Dictionary 26–27 (1993). The hallway on the first floor of

---

abused its discretion. *Earl Township v. Reading Broadcasting, Inc.,* 770 A.2d 794 (Pa. Cmwlth.2001), *appeal denied,* 568 Pa. 637, 793 A.2d 910 (2002).

**3.** *See Schneck v. City of Philadelphia,* 34 Pa. Cmwlth. 96, 383 A.2d 227 (1978) (stating that it is a well-established principle of law that where a state statute preempts local governments from imposing regulations on a sub-

ject, any ordinance *contrary to* state law is unenforceable); *see also Ortiz v. Commonwealth,* 545 Pa. 279, 681 A.2d 152 (1996) (stating that the General Assembly may negate ordinances enacted by home rule municipalities only when the *conflicting* state statute concerns substantive matters of statewide concern).

the Jefferson County Court House passes by the District Court, the Prothonotary's Office/Clerk of Courts and the Office of the Register and Recorder/ Clerk of Orphan's Court, all of which are court facilities. Because the first floor hallway passes by court facilities, the hallway is adjacent to them, has "common bounding lines" and, thus, is adjoining.

Based on the clear and unambiguous language of section 913, we conclude that the first floor hallway of the Jefferson County Court House is an "adjoining corridor." Thus, the first floor hallway also is a "court facility" under section 913 of the Crimes Code. Inasmuch as the first floor hallway is a "court facility," state criminal law prohibits the possession of a firearm in that hallway. This means that the County's ordinance does *not* regulate the *lawful* possession of firearms. For that reason, section 6120 of the Crimes Code does not preempt the County's ordinance.

Accordingly, we reverse the trial court's determination with respect to counts I, II, VI and VII of the complaint and remand this case to the trial court for further proceedings in connection with the remaining counts of the complaint.

### ORDER

AND NOW, this 11th day of March, 2005, the order of the Court of Common Pleas of Jefferson County (trial court), dated July 9, 2004, is hereby reversed, and this case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.