## Commonwealth v. McKown

*Carolyn Larrabee,* for Commonwealth.
*Jason Dunkle,* for defendant.

LUNSFORD, *J.,* October 21, 2009—Presently before this court is defendant's omnibus pretrial motion in the nature of a petition for writ of habeas corpus. For the following reasons, defendant's petition for writ of habeas corpus is denied.

Preliminarily, this court reminds defendant of Centre County Local Rule 205.2(a)(3): papers and other documents filed with the court must be double-spaced, with the exception of long quotations.

## BACKGROUND

Defendant was charged with carrying a firearm without a license under 18 Pa.C.S. §6106 and possession of firearm or other dangerous weapon in a court facility under 18 Pa.C.S. §913. As established on the record, through the testimony of Centre County Sheriff Denny Nau, defendant's license to carry a firearm in Pennsylvania was revoked by Sheriff Nau. In a letter[1] to defendant dated April 16, 2008, Sheriff Nau informed defendant that his license to carry a concealed weapon was revoked in connection with a citation for harassment, disorderly conduct and public drunkenness after defendant punched a student on the Penn State University Park Campus in State College, Centre County, Pennsylvania. At the time of the incident, defendant was asked by the officer if he had anything on his person that would hurt the officer. Defendant replied "no." A subsequent search revealed he was carrying a loaded Kel-Tec 380. Rather than appeal the revocation properly to the Court of Common Pleas of Centre County pursuant to 18 Pa.C.S. §6109(i), defendant obtained a permit to carry a firearm

---

1. The letter providing defendant notification that his license was revoked was dated April 16, 2008 which according to Sheriff Nau, was a typographical error that occurred when portions of the letter were cut and pasted. The letter providing defendant notification that his license was revoked was drafted on April 14, 2008 and mailed on April 15, 2008. *Id.* at 30-33, 40. Defendant signed for the letter on April 29, 2008. *Id.*

in New Hampshire. On September 2, 2008, defendant proceeded to carry a concealed, loaded firearm into a magisterial district judge building in Centre County, Pennsylvania when he appeared in connection with the above-described incident.

At approximately 1 p.m. on September 2, 2008, the day of his court proceeding, defendant telephoned Magisterial District Judge Grine's office and spoke with Jennifer Carlson. Tr. prelim. hrg. 9/10/2008, p. 6. He inquired whether lock boxes were available for him to check his firearm. *Id.* He was told that there were no lock boxes and that he should not bring a weapon into the building. *Id.* at 6-7. Approximately one hour after speaking with Ms. Carlson, she observed defendant run into the magisterial district judge building with a camera, take photo(s), and run back out. *Id.* at 7-8. Ms. Carlson believed that defendant took photo(s) of the posted weapons notice.[2] *Id.* Defendant returned to the building and took additional photos inside the lobby area and appeared to be examining the area. *Id.* at 7-9. He also asked staff for a copy of the court schedule for that day. *Id.* at 9. The police were informed of the matter as it was deemed unusual. *Id.* at 17-18. About two hours later, defendant again appeared at the magisterial district judge building

---

2. According to the testimony at the preliminary hearing, there was a weapons notice posted on the interior double doors that empty into the lobby area. Tr. prelim. hrg. 9/10/2008, p. 26. There was also a weapons notice posted inside the lobby. *Id.* When first entering the building, there are double doors that lead to a small vestibule area. *Id.* at 11-12. Proceeding into the building, there is a second set of double doors on which a weapons notice was posted, these interior double doors empty into a lobby area which adjoins the courtroom. *Id.* 11-12, 14, 26. There is a window in the lobby area where visitors can approach to speak to staff. *Id.* at 12.

for his proceeding. *Id.* 10-11, 18. Defendant was approached by Officer Bradley when he walked inside the "lobby." *Id.* at 23-24. The lobby area adjoins the courtroom. See *id.* at 11-12. Officer Bradley asked defendant if he was armed. *Id.* at 18. Defendant was initially unresponsive but then responded by asking the officer if he was "acting in the capacity of a check station" under 18 Pa.C.S. §913(e). *Id.* at 18-19, defendant's omnibus pretrial motion, 11/17/2008, p. 2 unnumbered. Officer Bradley advised defendant that he needed to check for weapons and defendant surrendered his firearm. *Id.* at 19-20. Officer Bradley found the Kel-Tec 380 to be loaded including a bullet in the chamber. *Id.* at 20-21. Defendant then advised Officer Bradley that he had a valid New Hampshire permit in his vehicle. *Id.* at 21. Officer Bradley arrested defendant. Defendant's omnibus pretrial motion, 11/17/2008, p. 2 unnumbered.

At all relevant times, defendant was, and remains, a resident of Centre County, Pennsylvania.

### I. *Carrying a Firearm Without a License Under 18 Pa.C.S. §6106*

Defendant argues the Commonwealth failed to establish a prima facie case for carrying a firearm without a license under 18 Pa.C.S. §6106 because Officer Bradley and Sheriff Nau failed to identify defendant at the preliminary hearing. Defendant did not raise the identification issue until filing his supplemental brief in support of petition for a writ of habeas corpus filed on October 2, 2009.

"The basic principles of law with respect to the purpose of a preliminary hearing are well established. The pre-

liminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). At this hearing the Commonwealth bears the burden of establishing at least a prima facie case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8 (1978); Pa.R.Crim.P. 141(d). It is not necessary for the Commonwealth to establish at this stage the accused's guilt beyond a reasonable doubt. *Commonwealth v. Rick,* 244 Pa. Super. 33, 366 A.2d 302 (1976). In order to meet its burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense. *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983)." *Commonwealth v. McBride,* 528 Pa. 153, 157-58, 595 A.2d 589, 591 (1991).

Although Officer Bradley and Sheriff Denny Nau did not identify defendant in court, Jennifer Carlson did identify defendant in court. Ms. Carlson identified defendant as the individual who ran into the building with a camera and returned later that afternoon around 4 p.m. for his court proceeding. Officer Bradley built upon the earlier identification by Ms. Carlson by testifying that the individual who called earlier about bringing a gun came back at 4 p.m. for a proceeding scheduled with Magisterial District Judge Grine. Furthermore, defendant has previously admitted in his brief in support of his omnibus pretrial motion that he carried a weapon into the building. Omnibus pretrial motion, 11/17/2008, p. 2

unnumbered. This court determines that the Commonwealth established a prima facie case that the accused committed the offense. This court also agrees with the Commonwealth that the issue has been waived.

Section 6106(a) of the Firearms and Other Dangerous Articles statute generally provides that it is unlawful for any person to carry a firearm in any vehicle or on their person in a concealed manner without a valid and lawfully issued license. Section 6109 "Licenses" is the relevant section. Section 6109(a) provides a license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth. Section 6109(b) provides,

"Place of application—An individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth. *If the applicant is a resident of the Commonwealth, he shall make application with the sheriff of the county in which he resides* or, if a resident of a city of the first class, with the chief of police of that city." (emphasis added)

Defendant relies on the exception at 6106(b)(15), which provides that subsection 6106(a) regarding the necessity of having a license to carry a concealed firearm does not apply to any person who possesses a valid and lawfully issued license or permit to carry a firearm issued under the laws of another state. Defendant argues that he had a valid "permit" to carry a firearm issued by New Hampshire. Defendant further argues Pennsylvania has a reciprocity agreement with New Hampshire which provides for mutual recognition of a license to carry a

firearm issued by the other state. Defendant does not dispute that he was at all relevant times and remains a resident of Centre County.

Although defendant attempts to create confusion regarding the use of the word "may" in the first sentence of section 6109(b), it is quite clear the statute means to provide at what age an individual is permitted to apply for a license. Under the second sentence in section 6109(b), a resident of the Commonwealth must apply to the sheriff in the county he resides or, if a resident of a city of the first class, with the chief of police. Defendant would have this court apply an exception to a rule first and ignore the very unambiguous rule at section 6109(b). He would have this court interpret the statute to allow him to forum shop after his license was revoked in Pennsylvania rather than properly appeal the revocation to the court of common pleas. Because the statute is clear, residents of Pennsylvania must apply for a license with the sheriff of the county in which they reside, or if a resident of a city of the first class, with the chief of police. Defendant admits the Commonwealth established a prima facie case of non-licensure. Defendant's supplemental brief in support of petition for a writ of habeas corpus, 10/2/2009, p. 3 unnumbered. This court agrees with the Commonwealth, once it is established that defendant is a Commonwealth resident, any perceived entitlement to an exception under the statute is trumped by the statutory requirement that he apply for a license to carry a concealed firearm with his county sheriff or chief of police. Therefore, defendant's petition for writ of habeas corpus is denied.

## II. *Possession of Firearm or Other Dangerous Weapon in Court Facility, 18 Pa.C.S. §913(a)(1)*

Defendant again argues the Commonwealth has failed to present evidence, via in-court identification, that defendant carried a weapon into a court facility. For the reasons discussed above, this court finds the evidence presented by the Commonwealth sufficient to establish a prima facie case that it was the accused who committed the offense.

Defendant presented the argument that the Commonwealth must prove "defendant knowingly possessed a firearm in an area that the defendant knew was a court facility . . . and that the public entrance of courthouse or building containing the court facility was posted in accordance with subsection (e) and (a) of 913." Defendant's supplemental brief in support of petition for a writ of habeas corpus, 10/2/2009, p. 4 unnumbered. Defendant argues because the magisterial district judge building failed to have lockers or similar facilities for the temporary checking of firearms, the Commonwealth cannot present evidence that the building contained a conspicuous notice of the requirements. Defendant further argues "[i]f the lockers or similar facilities are permitted to be housed without the building or courthouse, it is clear that the legislature is granting permission to a citizen to enter the courthouse or building containing a court facility in order to check their weapons . . . [t]he legislature clearly would not draft a law that permitted the construction of lockers or similar facilities within a courthouse, thereby requiring a person to enter the courthouse or building to check their weapons, and then immediately prosecute the individual for entering the courthouse or

building in order to check the weapon." Defendant's supplemental brief in support of petition for a writ of habeas corpus, 10/2/2009, p. 4 unnumbered.

Under 18 Pa.C.S. §913(a), a person commits an offense if he:

"(1) knowingly possesses a firearm or other dangerous weapon in a court facility or knowingly causes a firearm or other dangerous weapon to be present in a court facility; or

"(2) knowingly possesses a firearm or other dangerous weapon in a court facility with the intent that the firearm or other dangerous weapon be used in the commission of a crime or knowingly causes a firearm or other dangerous weapon to be present in a court facility with the intent that the firearm or other dangerous weapon be used in the commission of a crime." 18 Pa.C.S. §913(a).

Under section 913(d):

"Posting of notice.—Notice of the provisions of subsections (a) and (e) shall be posted conspicuously at each public entrance to each courthouse or other building containing a court facility and each court facility, and no person shall be convicted of an offense under subsection (a)(1) with respect to a court facility if the notice was not so posted at each public entrance to the courthouse or other building containing a court facility and at the court facility *unless the person had actual notice* of the provisions of subsection (a)." 18 Pa.C.S. §913(d). (emphasis added)

Furthermore, under section 913(e):

"*Facilities for checking firearms or other dangerous weapons.*—Each county shall make available at or

within the building containing a court facility by July 1, 2002, lockers or similar facilities at no charge or cost for the temporary checking of firearms *by persons carrying firearms under section 6106(b) or 6109 or for the checking of other dangerous weapons that are not otherwise prohibited by law.* Any individual checking a firearm, dangerous weapon or an item deemed to be a dangerous weapon at a court facility must be issued a receipt. Notice of the location of the facility shall be posted as required under subsection (d)." 18 Pa.C.S. §913(e). (emphasis added)

Under section 913(f), *Definitions,* "court facility" is defined as follows:

"The courtroom of a court of record; a courtroom of a community court; the courtroom of a magisterial district judge; a courtroom of the Philadelphia Municipal Court; a courtroom of the Pittsburgh Magistrates Court; a courtroom of the Traffic Court of Philadelphia; judge's chambers; witness rooms; jury deliberation rooms; attorney conference rooms; prisoner holding cells; offices of court clerks, the district attorney, the sheriff and probation and parole officers; *and any adjoining corridors.*" 18 Pa.C.S. §913(f). (emphasis added)

In *Minich v. County of Jefferson,* 869 A.2d 1141 (Pa. Commw. 2005), plaintiffs sued the County of Jefferson along with several county officials arguing that an ordinance enacted by the county providing that the sheriff subject every person entering the Jefferson County Court House to a point of entry search using metal detectors was unlawful. *Id.* at 1143. The county posted a sign at the entrance to the Jefferson County Court House warning the public against carrying firearms into the building. *Id.* Plaintiffs attempted to enter the court house to go to

the assessor's office located on the first floor. *Id.* They carried concealed weapons pursuant to valid permits. *Id.* Plaintiffs refused to submit to the point of entry search and were denied entry by the sheriff. *Id.* Plaintiffs argued that the Commonwealth preempted the regulation of firearm possession in a court facility by the enactment of section 6120 of the Crimes Code, 18 Pa.C.S. §6120. The trial court agreed with plaintiffs and entered a decree nisi declaring the county's ordinance null and void. The Commonwealth Court provided the following regarding section 913, "[b]ased on the clear and unambiguous language of section 913, we conclude that the first floor hallway of the Jefferson County Court House is an 'adjoining corridor.' Thus, the first floor hallway also is a 'court facility' under section 913 of the Crimes Code. Inasmuch as the first floor hallway is a 'court facility,' state criminal law prohibits the possession of a firearm in that hallway. This means that the county's ordinance does *not* regulate the *lawful* possession of firearms. For that reason, section 6120 of the Crimes Code does not preempt the county's ordinance." *Id.* at 1144. (emphasis in original)

In the present matter, there is no doubt defendant entered a court facility because he entered the lobby area adjoining the courtroom. Furthermore, defendant has admitted to entering a court facility. Omnibus pretrial motion, 11/17/2008, p. 2 unnumbered, ¶¶12-13. Under the *Minich* case, defendant admitted that he entered a "court facility" when he entered the "adjoining corridors" of the courtroom. Defendant's omnibus pretrial motion, 11/17/2008 p. 2 unnumbered. Specifically, defendant admitted that he entered the building and encountered Officer Bradley in the "lobby." Defendant's omnibus

pretrial motion, 11/17/2008 p. 2 unnumbered, ¶¶12-13. Defendant argues that the notice regarding weapons was improper and further argues he was justified because there should have been lock boxes for him to check his firearm. This court points out that lock boxes for temporary checking of firearms as provided for by section 913(e) are for *persons carrying firearms under section 6106(b) or 6109, or for the checking of other dangerous weapons that are not otherwise prohibited by law.* 18 Pa.C.S. §913(a). As discussed above, defendant did not have a valid license or permit under sections 6106(b) or 6109 to carry a concealed firearm; therefore, his concerns about there not being lock boxes is a non-starter.

This court determines the Commonwealth has established a prima facie case for possession of firearm or other dangerous weapon in court facility, 18 Pa.C.S. §913(a)(1). The Commonwealth has provided sufficient evidence that defendant knowingly possessed a firearm in a court facility as required by the statute. In calling the office to inquire about taking a firearm to his court proceeding and inquiring about facilities to check his firearm, defendant undoubtedly had actual notice that weapons were not to be possessed in court facilities under section 913(d). Furthermore, notice was posted in two locations. *Id.* at 26. Defendant took photos of the weapons notices which he presented at the preliminary hearing. *Id.* at pp. 14-15.57. Also, defendant demonstrated his awareness of the law when he inquired with Officer Bradley whether he was acting in the capacity as "check station." Therefore, defendant's petition for writ of habeas corpus is denied.

This court cannot disagree with defendant that the legislature did not intend to immediately prosecute an

individual for entering a courthouse in order to check a validly carried concealed weapon. This court is perplexed as to why the legislature provides for facilities for persons with valid licenses to carry concealed firearms to check their firearms, but defines court facility so broad that a person entering a building containing a courtroom with the intention to check the firearm could be in violation of the statute upon entry. In the Centre County Courthouse and the Courthouse Annex, there are doors separating the vestibule area (where lockers for checking firearms are located) from the corridors connecting the courtrooms/"court facilities." Although the doors are always propped open, this court believes the design of the structure is such that a person entering the courthouse with the intention to check a validly carried concealed firearm could check the weapon without violating 18 Pa.C.S. §913. However, in courthouses with different layouts or very small vestibule areas, where it is impractical to locate check stations/lockers outside of the "court facility," a person with a validly carried concealed firearm could be in immediate violation of the statute when stepping through the door. Because of this confusion, this court certifies that the below order involves a controlling question of law about which there exists substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of the matter. See *Kramer v. Zoning Hearing Board of Upper Saucon Township,* 163 Pa. Commw. 559, 641 A.2d 685 (1994).

## ORDER

And now, October 21, 2009, defendant's omnibus pretrial motion in the form of a petition for writ of ha-

beas corpus is hereby denied and certifies that the below order involves a controlling question of law about which there exists substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of the matter.