J. A19032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. : No. 1703 MDA 2017
:
GEOFFREY ALAN BECKNER :


Appeal from the Order Entered October 26, 2017,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001167-2017


BEFORE: GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 27, 2019**

The Commonwealth appeals from the October 26, 2017 order granting appellee's motion to quash the criminal information and ordering that a new preliminary hearing be conducted before a different magisterial district judge. After careful review, we vacate the order and remand for further proceedings consistent with this memorandum.

The relevant facts and procedural history of this case are as follows:

> [Appellee] was arrested and charged with multiple counts of sexual offenses[1] allegedly committed against four male children of his former girlfriend [M.]: M.M. age eight, T.M. age nine, B.M. age ten, and A.C. age twelve. All four children were interviewed about the allegations at the Children's Advocacy Center ("CAC"). The CAC interviews were

---

[1] Specifically, appellee was charged with aggravated indecent assault and four counts each of indecent assault and corruption of minors. ***See*** 18 Pa.C.S.A. §§ 3125(b), 3126(a)(7), and 6301(a)(1)(ii), respectively.

conducted on August 1, 2016, and all four were videotaped. The case was initially scheduled for a preliminary hearing on October 25, 2016, but the Commonwealth requested a continuance to November 29, 2016, so that Tender Years and Closed-Circuit Testimony Motions could be filed. Both Motions were filed on October 27, 2016. Pursuant to its Tender Years Motion, the Commonwealth seeks to introduce the statements made by M.M., T.M., B.M., and A.C. to the forensic interviewer as substantive evidence at both the preliminary hearing and at trial. Pursuant to its Motion for Closed-Circuit Testimony, the Commonwealth requests the Court to permit each child's testimony to be transmitted by contemporaneous alternative method so that they do not have to testify in the presence of [appellee].

An *in camera* hearing was held on February 6, 2017, at which time the children gave testimony. Pursuant to 42 Pa.C.S.[A.] § 5985.1,[2] the child victims were

---

[2] 42 Pa.C.S.A. § 5985.1 provides, in relevant part, as follows:

**(a)** **General rule.--**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. . . . 31 (relating to sexual offenses) . . . not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

(i) testifies at the proceeding; or

> questioned outside the presence of [appellee]. The Commonwealth also called the following witnesses: the boys' mother, [M.], her partner, [S.L.], and forensic interviewer, Becky Voss. At the conclusion of the hearing, the Court asked both counsel to submit briefs in support of their respective positions. The Commonwealth filed its Brief in Support of its Motion for Closed-Circuit Testimony and the Admission of Statements Under the Tender Years Exception to the Hearsay Rule on March 13, 2017. [Appellee] filed his Brief in Opposition to the Commonwealth's Tender Years Motion and Motion for Closed Circuit Testimony on March 13, 2017. On April 6, 2017, this Court entered an Opinion and Order of Court granting both of the Commonwealth's Motions.

Opinion of the Honorable Carol L. Van Horn, 12/22/17 at 2-3.

On May 9, 2017, at the behest of appellee, Magisterial District Judge Duane K. Cunningham ("MDJ Cunningham") issued subpoenas for the children to testify on appellee's behalf at the preliminary hearing scheduled for June 1, 2017. The Commonwealth filed a motion to quash the subpoenas with the Franklin County Court of Common Pleas the following day. Appellee, in turn, filed an answer to the Commonwealth's motion to quash on May 19, 2017. On May 31, 2017, an evidentiary hearing on this matter was conducted before Franklin County Court of Common Pleas Judge Van Horn, at the conclusion of which this matter was remanded to MDJ Cunningham "to determine if any condition should be placed upon his order for subpoena in light of

---

(ii)     is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a)(1), (2).

[Judge Van Horn's] opinion filed April 6, 2017." (Order, 5/31/17 at ¶ 2.) A preliminary hearing was held before MDJ Cunningham on June 1, 2017. At said hearing, MDJ Cunningham ruled that appellee was precluded from calling the children as witnesses and imposed the condition that the closed-circuit video testimony would be admitted pursuant to Judge Van Horn's April 6, 2017 order and opinion. All charges were bound over for trial.

On July 18, 2017, the Commonwealth filed a criminal information. On August 18, 2017, appellee filed a "Motion to Quash and Motion for Temporary Assignment of Issuing Authority." Judge Van Horn held a hearing on appellee's motion on October 26, 2017. Following said hearing, Judge Van Horn entered an order quashing the criminal information and ordering that a new preliminary hearing be conducted before a different magisterial district judge. (**See** order, 10/26/17 at ¶¶ 2-3.) The Commonwealth filed a timely notice of appeal on November 1, 2017.[3] On November 7, 2017, Judge Van Horn ordered the Commonwealth to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The Commonwealth filed its timely Rule 1925(b) statement on November 28, 2017, and Judge Van Horn filed a Rule 1925(a) opinion on December 22, 2017.

---

[3] The Commonwealth certified in its notice of appeal that, pursuant to Pa.R.A.P. 311(d), the October 26, 2017 order will terminate or substantially handicap the prosecution.

On April 3, 2018, the Commonwealth filed a motion requesting permission "to file a Corrected Brief to reflect the correct Jurisdictional Statement/Appeal by Permission." (*See* "Motion to File Corrected Brief," 4/3/18 at 1.) The Commonwealth indicated that it "inadvertently inserted a[] Statement of Jurisdiction from another County in another Commonwealth appeal having to do with an appeal as of right regarding sentencing as opposed to this appeal which is interlocutory and which may be taken with permission." (*Id.* at ¶ 2.) On April 6, 2018, this court issued a **per curiam** order granting the Commonwealth's motion. The Commonwealth filed its amended brief that same day. Appellee, in turn, filed an amended brief on April 24, 2018, arguing that:

> The instant appeal must be quashed because (1) the Commonwealth has waived the appeal taken as of right under Rule 311(d) by asserting the appeal should be granted by permission in all of its filings in the Superior Court, (2) the Court has not granted permission for the instant appeal, (3) the Commonwealth has failed to follow any of the procedures set forth in Rule 312 or Chapter 13, and (4) the order appealed does not conform to the requirements of 42 Pa.C.S.[A.] § 702(b) relative to interlocutory orders appealable by permission.

Appellee's amended brief at 10. On April 25, 2018, appellee filed a motion to quash the Commonwealth's appeal, which was deferred to the merits panel on May 15, 2018.

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order. [T]his Court has the power to inquire at any time,

> *sua sponte*, whether an order is appealable.
> Pennsylvania law makes clear:
>
>> [A]n appeal may be taken from: (1) a final
>> order or an order certified as a final order
>> (Pa.R.A.P. 341); (2) an interlocutory
>> order as of right (Pa.R.A.P. 311); (3) an
>> interlocutory order by permission
>> (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A.
>> § 702(b)); or (4) a collateral order
>> (Pa.R.A.P. 313).

*Commonwealth v. Tchirkow*, 160 A.3d 798, 803 (Pa.Super. 2017) (internal

quotation marks and case citations and omitted).

For the reasons that follow, we find that the October 26, 2017 order

meets the requirements for an interlocutory appeal as of right pursuant to

Pa.R.A.P. 311(d),[4] because it will terminate or substantially handicap the

Commonwealth's prosecution. We further note that although the

Commonwealth asserts in its amended brief that it is now "seeking permission

(pursuant to Pa.R.A.P. [] 312, Chapter 13) to file this interlocutory appeal[,]"

it continues to aver that the October 26, 2017 order will substantially handicap

---

[4] Rule 311(d) provides as follows:

> **(d) Commonwealth appeals in criminal
> cases.--**In a criminal case, under the
> circumstances provided by law, the
> Commonwealth may take an appeal as of right
> from an order that does not end the entire case
> where the Commonwealth certifies in the notice
> of appeal that the order will terminate or
> substantially handicap the prosecution.

Pa.R.A.P. 311(d).

its prosecution. (**See** Commonwealth's amended brief at 4.). Accordingly, we cannot agree with appellee that the Commonwealth waived its right to "take an appeal as of right" pursuant to Rule 311(d). **See** Pa.R.A.P. 311(d).

Courts in this Commonwealth have long recognized that the Tender Years Hearsay Act, 42 Pa.C.S.A. § 5985.1, governs the admission of hearsay statements made by a child victim of sexual abuse. **See Commonwealth v. Walter**, 93 A.3d 442, 451-452 (Pa. 2014). "The tender years exception allows for the admission of a child's out-of-court statement because of the fragile nature of young victims of sexual abuse." **Commonwealth v. Lukowich**, 875 A.2d 1169, 1172 (Pa.Super. 2005), **appeal denied**, 885 A.2d 41 (Pa. 2005). A statement admitted under Section 5985.1 must possess sufficient indicia of reliability, as determined from the time, content, and circumstances of its making. **Commonwealth v. O'Drain**, 829 A.2d 316, 320 (Pa.Super. 2003) (citation omitted).

> In all circumstances, the trial court is required to first assess the reliability of the proffered statement and second, the availability of the child who made it. If the child whose statement is offered will not be presented as a witness, the court must determine whether the child is "unavailable," that is whether testifying would cause serious emotional distress that would substantially impair the child's ability to communicate reasonably before the court. Only if both prongs are met will the evidence be deemed admissible.

**Fidler v. Cunningham-Small**, 871 A.2d 231, 235 (Pa.Super. 2005) (applying the Tender Years Hearsay Act exception in a civil proceeding).

"Factors to consider when making the determination of reliability include, but are not limited to, the spontaneity and consistent repetition of the statement(s); the mental state of the declarant; and, the lack of motive to fabricate." **Commonwealth v. Lyons**, 833 A.2d 245, 255 (Pa.Super. 2003), **appeal denied**, 879 A.2d 782 (Pa. 2005).

Here, Judge Van Horn explicitly found in her opinion in support of the April 6, 2017 order that "the statements of all four children that were given to the forensic interviewer during the August 1, 2016 interviews are relevant and possess sufficient indicia of reliability." (Opinion of Judge Van Horn, 4/6/17 at 30.) In reaching this conclusion, Judge Van Horn reasoned that requiring the children to testify in appellee's presence at the preliminary hearing would cause them to suffer serious emotional distress and impair their ability to effectively communicate. (**Id.** at 24, 26, 28, 30.) Thus, it logically follows that the court's October 26, 2017 order granting appellee a new preliminary hearing in front of a different magisterial district judge, at which the children could presumably be subpoenaed to testify in appellee's presence, would subject them to additional emotional distress and substantially handicap the Commonwealth's prosecution. Accordingly, we deny appellee's motion to quash this appeal.

We now turn to the merits of the Commonwealth's argument. The Commonwealth raises the following issue for our review:

> Did [Judge Van Horn] commit an error of law in
> granting [appellee's] motion to quash information

> based solely on a purported error committed by the magisterial district judge with regard to a ruling made on [appellee's] ability and/or right to subpoena the victim(s) to testify at the preliminary hearing?

Commonwealth's amended brief at 6.

Our standard of review in assessing whether a trial court erred in quashing a criminal information is well settled.

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion. Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Wyland***, 987 A.2d 802, 804-805 (Pa.Super. 2010) (citations and quotation marks omitted), ***appeal denied***, 8 A.3d 346 (Pa. 2010).

In the instant matter, Judge Van Horn found that "[it] is persuaded that [appellee] is permitted to call the children to testify on his behalf at the preliminary hearing" and that the Commonwealth's argument to the contrary is meritless. (Opinion of Judge Van Horn, 12/22/17 at 8.) In reaching this conclusion, Judge Van Horn relied primarily on Pa.R.Crim.P. 542(C)(3)[5] and

---

[5] Rule 542(C)(3) provides that, "[t]he defendant shall be present at any preliminary hearing except as provided in these rules, and may . . . call witnesses on the defendant's behalf, other than witnesses to the defendant's good reputation only[.]" Pa.R.Crim.P. 542(C)(3).

our supreme court's decision in **Commonwealth v. Mullen**, 333 A.2d 755 (Pa. 1975). At the October 26, 2017 hearing, Judge Van Horn set forth the following rationale in support of her decision to quash the criminal information and order that a new preliminary hearing be conducted before a different magisterial district judge:

> [T]his isn't a case where I believe [appellee's] request to call the witnesses at a preliminary hearing is an attempt to gain an advantage or to get discovery or to find out what the Commonwealth's case is because we've already heard through the prior hearing what the witnesses have said. The hearing to the Commonwealth on the Commonwealth's motion to have the victim[s] testify by closed circuit. We heard each of the victims, so this is not a fishing expedition on the part of [appellee] to try to find out what are these alleged victims going to say or how they could be challenged. We've already gone through that, so I believe that **Mullen** is good and that [Pa.R.Crim.P.] 542([C])(3) does permit [appellee] to call witnesses on his behalf and the proposed witnesses are not ones to testify to his good reputation so they are not prohibited by the rule.

Opinion of Judge Van Horn, 12/22/17 at 8-9, quoting notes of testimony, 10/26/17 at 6-7 (emphasis added).

While it may be true that appellee has a rule-based right to call witnesses at a preliminary hearing, **see Commonwealth v. Ricker**, 120 A.3d 349 (Pa.Super. 2015), **appeal dismissed as improvidently granted**, 170 A.3d 494 (Pa. 2017), it is also true that the findings of the trial court as to the Tender Years issue apply with equal force to the preliminary hearing. Upon review, we find that **Mullen** is distinguishable from the instant matter and

that Judge Van Horn's reliance on it is misplaced. ***Mullen*** involved a defendant who was denied the right to call prospective Commonwealth witnesses, including "the police officer who was the prosecutor," at a preliminary hearing. ***Mullen***, 333 A.2d at 756. The Court of Common Pleas of Montgomery County disagreed with the district justice's decision and remanded for a preliminary hearing ***de novo*** with the defendant having "the right to call any witnesses in his behalf excepting only witnesses to his good reputation." ***Id.*** at 756-757. The Commonwealth subsequently appealed. In ruling that the defendant was not limited to calling only those witnesses at his preliminary hearing who would offer testimony favorable to his defense, the ***Mullen*** court held that "the defendant has the right to contest the existence of a ***prima facie*** case and may not be denied the opportunity of presenting evidence which, in his view, negates its existence." ***Id.*** at 757.[6]

Unlike in ***Mullen***, where the defendant was charged with criminal homicide and aggravated assault and the prospective witnesses were

---

[6] Additionally, we note that the comment to Rule 542 indicates that:

> Paragraph (C)(3) is intended to make clear that the defendant may call witnesses at a preliminary hearing only to negate the existence of a ***prima facie*** case, and not merely for the purpose of discovering the Commonwealth's case. The modification changes the language of the rule interpreted by the Court in [***Mullen***]. This amendment was made to preserve the limited function of a preliminary hearing.

Pa.R.Crim.P. 542 *Comment*.

eyewitnesses to these crimes, this matter concerns the testimony of child victims of sexual abuse and the Tender Years Hearsay Act, whose purpose is to protect the emotional well-being of said witnesses. We decline to find that **Mullen** entitles appellee to present an unrestrained defense at a preliminary hearing involving such witnesses. The principal function of a preliminary hearing "is to protect the right against unlawful arrest and detention." **Commonwealth v. Ricker**, 170 A.3d 494, 497 (Pa. 2017). At this hearing the Commonwealth bears the burden of establishing a **prima facie** case that a crime has been committed and that the accused is the one who committed it. **See Commonwealth v. Patrick**, 933 A.2d 1043, 1045 (Pa.Super. 2007), **appeal denied**, 940 A.2d 364 (Pa. 2007). "Although a preliminary hearing may permit capable defense counsel to lay the groundwork for a trial defense, **its intended purpose is not primarily to provide defense counsel with the opportunity to assess the credibility of Commonwealth witnesses** . . . or to design avenues for the impeachment of witnesses at trial." **Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013) (emphasis added).

Here, MDJ Cunningham was well within his discretion to protect the emotional well-being of the children by limiting the preliminary hearing to include only that evidence relevant to a **prima facie** showing, pursuant to Judge Van Horn's April 6, 2017 order and opinion. Any further testing of this testimony must await a full trial. Judge Van Horn's disregard of her prior

- 12 -

holding in electing to quash the criminal information and order that a new preliminary hearing be conducted before a different magisterial district judge contravened the purposes of the Tender Years Hearsay Act and constituted an abuse of its discretion.  Accordingly, we vacate the October 26, 2017 order and remand this case for further proceedings consistent with this memorandum.

Order vacated.  Motion to quash appeal denied.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/27/2019