**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD LAWRENCE | : | No. 766 EDA 2018 |

Appeal from the Order February 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009760-2017

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED SEPTEMBER 05, 2019**

The Commonwealth appeals from the February 15, 2018 order entered in the Court of Common Pleas of Philadelphia County granting Appellee Richard Lawrence's petition to quash notes of testimony and request for a new preliminary hearing.  After thorough review, we reverse the trial court's order and remand for further proceedings consistent with this decision.

As summarized by the trial court:

[Appellee's] preliminary hearing [for various charges brought against him] was held on November 14, 2017, before the Hon. William Meehan, Jr.  The witness held by the Commonwealth, Vance Harris, Jr., testified that on October 1, 2017, he was involved in an incident which occurred in the 2100 block of Tasker Street in Philadelphia.  At that time, Mr. Harris testified that he had an altercation with [Appellee] Richard Lawrence ... where Mr. Lawrence went into the basement of his property, returned with two large metal poles, and said to Mr. Harris, "Come on, MFer …

_____

* Retired Senior Judge assigned to the Superior Court.

I'm sick of this fucking shit, come on, if you want, you can get it." Mr. Harris further testified that Mr. Lawrence hit him on the top of the head with those pipes, for which he needed five staples in [his] head, and also hit him on the elbow.

On cross-examination, [performed by Appellee's counsel,] the following exchange took place:

[BY MR. GIUSINI]: Q: Did you choke him?
A. Yes.
Q. You did choke him, right?
A. That was after the altercation and we was coming down to the final – after everybody was breaking us up, and I was on top, and I had him in a choke hold.
Q. So, sir, we can agree with this. You and Mr. Lawrence, regardless of what you're saying or what he might say, mutually agreed to fight each other?

MR. SICA [COMMONWEALTH ATTORNEY]: Objection
THE COURT: Sustained. That's not what he's saying.
MR. GIUSINI: I asked him what he's saying.
BY MR. GIUSINI:
      Q. Can you give me an answer?
THE COURT: You heard his testimony. Let's not go through it again. He said your client whacked him [with] a pipe.
MR. GIUSINI:
      Q. Okay. And you also said you choked him, correct?
 THE COURT: I don't think that's mutual. I don't think that's mutual after he was struck with a pipe.
MR. GIUSINI: And after he chased him into the basement.
THE COURT: Well, that's what you say.
MR. GIUSINI: Well, my client will testify to that.
THE COURT: Well, not today. Thank you, sir.
MR. GIUSINI: I'm not completed.
THE COURT: Yes, you are.
MR. GIUSINI: I am?
THE COURT: Yes, you are.
MR. GIUSINI: Judge, I don't know how you're going to restrict me from questioning the witness.
THE COURT: Preliminary hearing.
MR. GIUSINI: You're going to stop my questioning? I'll ask you [to] recuse yourself. How could you stop me from questioning a

witness[?]  You're going to determine – you're going to determine when I question a witness?

THE COURT:  I [am] going to determine when I have enough evidence to hold your client for trial.

MR. GIUSINI:  The preliminary hearing's not over yet.

THE COURT:  It is now.

MR. GIUSINI:  It is?  Okay.  Judge.  I'm going to ask you, Judge, to send this to another courtroom.  I don't know what the problem is.

THE COURT:  Your client is held for court.  His arraignment date is November 28, 2017, Courtroom 1104 at 11 a.m.  You'll be receiving a subpoena for that, sir.  If you fail to appear on that date or any future date –

MR. GIUSINI:  You're not even allowing the witnesses that are here to testify.

THE COURT:  Sir, I'm not finished yet.

MR. GIUSINI:  Judge, you're not even done allowing the witnesses –

THE COURT:  Counsel, I am not done.  I am talking to your client, not you.

MR. GIUSINI:  You're not giving me a fair chance to represent my client.  Who can I complain to?  Who can I complain to?

THE COURT:  Sir, I'm not done yet.

MR. GIUSINI:  I don't know, Judge.  You need to recuse yourself on my cases, you know that?  Because every time I'm in your room you do something like this.

THE COURT:  Take him.  You're in contempt.

MR. GIUSINI:  Taking me into custody, 31 years.

THE COURT:  You're in contempt.  I asked you to be quiet.

MR. GIUSINI:  I'll be quiet.  I'll be quiet.

THE COURT:  Take him into custody.

MR. GIUSINI:  You're taking me into custody.

THE COURT:  Sir, I was never given an opportunity to finish with you, sir.

After [Appellee] was prevented from continuing to question the Commonwealth's complaining witness, and his attorney was cited with contempt before he could present witnesses on [Appellee's] behalf, the Municipal Court held the case for trial on all charges. Formal arraignment, which had been scheduled for November 28, 2017, was cancelled on November 15, 2017.

On November 22, 2017, [Appellee] filed a [p]etition to [q]uash the [t]ranscript of the [p]reliminary [h]earing in [c]ommon [p]leas

- 3 -

[c]ourt on the grounds that the lower court did not allow [Appellee] to fully cross-examine the witness against him and, over counsel's vehement objection, prohibited [Appellee] from calling his own witness(es) and presenting evidence on his own behalf. On January 3, 2018, [the trial court] granted the [p]etition, and remanded the case to Municipal Court for a new preliminary hearing, whereupon the Commonwealth filed a [m]otion for [r]econsideration, on the grounds that 1) [Appellee's] motion "was tantamount to a motion to quash. Accordingly the motion should have been heard in the related smart room"; and further, the Commonwealth alleged that the [Appellee's] ability to call witnesses at a preliminary hearing pursuant to Pa.R.Crim.P. 542(c)(3) was not mandatory, but rather was within the discretion of the hearing judge.

On February 15, 2018, [the trial court] granted [Appellee's] [p]etition to [q]uash as to all charges without prejudice based upon an error of law, and remanded the case to Municipal Court for a preliminary hearing de novo. The Commonwealth then filed this interlocutory appeal, alleging error with [the trial court's] procedural ruling, asserting that the granting of [Appellee's] petition was in violation of Pennsylvania Rule of Criminal Procedure 543(G), because … [Appellee] had not filed or argued a motion to quash.

Trial Court Opinion, filed 4/26/18, at 1-4 (citations to the record and court filings omitted) (some brackets added). The Commonwealth filed a timely notice of appeal. Additionally, the Commonwealth submitted a timely statement of its matters complained of on appeal.

In this appeal, the Commonwealth presents one question for our review:

1) Whether, when viewed in a light most favorable to the Commonwealth, the evidence established a *prima facie* case that Appellee committed aggravated assault, possession of an instrument of crime, terroristic threats, and recklessly endangering another person.[1]

---

[1] **See** 18 Pa.C.S.A. § 2702; 18 Pa.C.S.A. § 907; 18 Pa.C.S.A. § 2706; 18 Pa.C.S.A. § 2705, respectively.

***See*** Appellant's Brief, at 6.

The trial court treated Appellee's petition to quash as if it was a petition for writ of *habeas corpus*. ***See*** Trial Court Opinion, filed 4/26/18, at 5. "A petition for writ of *habeas corpus* is the … method for a defendant to test whether the Commonwealth has, before trial, established a *prima facie* case." ***Commonwealth v. Predmore***, 199 A.3d 925, 928 (Pa. Super. 2018) (*en banc*) (citation omitted). "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." ***Id***. (citation omitted). The Commonwealth is entitled to rely on the evidence presented at the preliminary hearing when responding to a pretrial petition for writ of *habeas corpus*. ***See id***.

The gravamen of the Commonwealth's argument is that the trial court "did not consider whether the evidence was sufficient to establish a *prima facie* case that [Appellee] committed the charged offenses." Appellant's Brief, at 12. Instead, the trial court dismissed the charges against Appellee because the municipal court judge limited the scope of Appellee's cross-examination and therefore, in the trial court's opinion, deprived Appellee of his legal rights at the hearing. ***See*** Trial Court Opinion, filed 4/26/18, at 7.

"The preliminary hearing is not a trial." ***Commonwealth v. McBride***, 595 A.2d 589, 591 (Pa. 1991). The Commonwealth must merely establish a *prima facie* case that a crime has been committed and that the defendant "is

probably the one who committed it." ***Id***. Further, credibility of the Commonwealth's witnesses is not at issue during a preliminary hearing. ***See Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004). All evidence at the hearing must be viewed in the light most favorable to the Commonwealth's case. ***See Commonwealth v. Nieves***, 876 A.2d 423, 424 (Pa. Super. 2005).

The Pennsylvania Rules of Criminal Procedure indicate that "[i]f the issuing authority finds that the Commonwealth has established a *prima facie* case that an offense has been committed and the defendant has committed it, the issuing authority *shall* hold the defendant for court on the offense(s) on which the Commonwealth established a *prima facie* case." Pa.R.Crim.P. 543(B) (emphasis added). Moreover, "[e]xcept as provided in Rule 541(D) [dealing with a defendant's lack of attendance at a preliminary hearing], once a case is bound over to the court of common pleas, the case shall not be remanded to the issuing authority." Pa.R.Crim.P. 543(G).[2]

_____

[2] Although the trial court's February 15, 2018 order purports to remand the case back to the municipal court for a second preliminary hearing, given the explicit language of Pa.R.Crim.P. 543(G), once the case was bound over, the trial court was without the authority to send the case back to the municipal court. Accordingly, when the trial court quashed the charges that were brought against Appellee, extinguishing all of the Commonwealth's claims and allowing it to proceed no further, it became a "final order." ***See*** Pa.R.A.P. 341(b)(1) (identifying a final order as one that "disposes of all claims and of all parties"); ***see also Commonwealth v. Karetny***, 880 A.2d 505, 512 (Pa. 2005) ("[A]n order quashing a charge is unquestionably 'final' as to that charge."); ***Commonwealth v. Huggins***, 836 A.2d 862, 865 n. 2 (Pa. 2003)

While the Rules provide that, at a preliminary hearing, a defendant may "cross-examine witnesses" and "call witnesses on the defendant's behalf," Pa.R.Crim.P. 542(C)(2-3), a defendant's ability to proceed in these manners is not unlimited. The corresponding comment to Section 542 illuminates the intended purpose and scope of such a hearing and serves to demarcate how far a defendant may go at this point in a criminal proceeding:

> As the judicial officer presiding at the preliminary hearing, the issuing authority controls the conduct of the preliminary hearing generally. . . .
>
> Paragraph (C)(3) is intended to make clear that the defendant may call witnesses at the preliminary hearing only to negate the existence of a *prima facie* case, and not merely for the purpose of discovering the Commonwealth's case. The modification changes the language of the rule interpreted by the Court in **Commonwealth v. Mullen**, … 333 A.2d 755 (1975). This amendment was made to preserve the *limited function* of a preliminary hearing.

Pa.R.Crim.P. 542, *Comment* (emphasis added). Further, we have stated that there is no constitutional guarantee of a right to confront witnesses before trial. **See Commonwealth v. Ricker**, 120 A.3d 349, 363 (Pa. Super. 2015).

Neither Appellee nor the trial court take issue with the Commonwealth's ability to demonstrate both the material elements of the crimes for which Appellee was charged and Appellee's involvement. In fact, Appellee does not directly attack the Commonwealth's capacity to establish any of the statutory

_____

("When a charge is dismissed on a pre-trial writ of *habeas corpus*, the Commonwealth may appeal."). Therefore, we have jurisdiction to hear this appeal.

elements of its *prima facie* case. Moreover, the municipal court did *not* prohibit cross-examination into whether Appellee was the individual responsible for wounding the victim.

At the hearing, Appellee expounded on such topics as causal provocation and combat by way of mutual consent. ***See, e.g.***, Preliminary Hearing, 11/14/17, at 13-14. Therefore, instead of attacking the existence of any of the elements of the charged crimes, Appellee was attempting to elucidate upon a potential defense or defenses that could be utilized at trial. ***See Commonwealth v. Hodges***, 193 A.3d 428, 434 n.3 (Pa. Super. 2018) (identifying mutual combat as a mitigating factor at sentencing for which the defendant bears the burden of proof). Stated differently, while Appellee inquired into the victim's potential involvement in the crime, something that very well could be relevant at trial as a defense or mitigating factor, none of Appellee's questions at the preliminary hearing can possibly be construed as an effort to negate the *prima facie* case against him.

Appellee's attempt to raise potential defenses does not impact the municipal court's conclusion that the Commonwealth satisfied its burden to demonstrate a *prima facie* case. ***See, e.g.***, 18 Pa.C.S.A. § 2702(a)(1) (requiring, for aggravated assault, that a person must attempt "to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under the circumstances manifesting extreme indifference to the value of human life").

- 8 -

Appellee has not established, and indeed never argued, that the Commonwealth failed to establish a *prima facie* case at the preliminary hearing. As such, the trial court erred in granting pretrial *habeas corpus* relief. While both the trial court and Appellee cite to **Commonwealth v. Mullen**, 333 A.2d 755 (Pa. 1975), Rule 542(C)(3) clearly supersedes **Mullen**. **See** Pa.R.Crim.P. 542, *Comment*. Accordingly, the order of the trial court is reversed.

Order reversed. Case remanded for trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19